# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

June 13, 2019

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

                         **Re:**    *Acteopan et al. v. Mahabir Enterprises LLC et al.*
                                   Case No. 18-cv-9971-KHP

Your Honor:

      This office represents Plaintiffs Bernardina Acteopan and Ana Karen Ramirez Acteopan ("Plaintiffs") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiffs on the one hand, and Mahabir Enterprises LLC (d/b/a Sophie's Cuban Cuisine), Sophie's Restaurant #3 LLC (d/b/a Sophie's Cuban Cuisine), ("Defendant Corporations"), Patricia Luna s/h/a "Patricia Mahabir Santos," Eduardo Morgado s/h/a "Eduardo Mareo," Viviana Santacruz, Manuela Matos, Juanito Doe, Helen Doe, and Selena Ramos s/h/a "Selena Doe" (collectively, "Defendants"), (the "Defendants," and together with Plaintiffs, the "Settling Parties").

      The Settling Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discussions and a settlement conference before Your Honor. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

      While the Plaintiffs believe that the settlement amount is less than what they would be entitled to if they prevailed at trial, the Parties believe that the settlement is nevertheless fair and reasonable, as discussed herein.

**Plaintiffs' Allegations**

      Plaintiff Acteopan was employed by Defendants from approximately 2005 until on or about December 2016 and from approximately March 2018 until on or about September 2018. From approximately October 2012 until on or about September 30, 2014 and from approximately November 2014 until on or about December 2016, Plaintiff Acteopan worked at the 23$_{rd}$ Street location from approximately 7:00 a.m. until on or about 4:00 p.m., Mondays through Fridays and from approximately 8:00 a.m. until on or about 12:00 p.m., Saturdays twice a month (typically 45 to 49 hours per week). From approximately October 2012 until on or about December 2013, Defendants paid Plaintiff Acteopan $6.00 per hour as a waitress and $7.25 per hour doing general duties. From approximately January 2014 until on or about December 2014, Defendants paid

Hon. Katherine H. Parker
June 13, 2019
Page 2 of 5

Plaintiff Acteopan $6.00 per hour for three hours a day as a waitress and $8.00 per hour for six hours a day doing general duties. From approximately January 2015 until on or about December 2015, Defendants paid Plaintiff Acteopan $6.00 per hour for three hours a day as a waitress and $8.75 per hour for six hours a day doing general duties. From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff Acteopan $7.50 per hour three hours a day as a waitress and $9.00 per hour six hours a day doing general duties.

Plaintiff Ramirez was employed by Defendants from approximately September 2011 until on or about August 2012 and from approximately November 2014 until on or about July 2015 and at the New Street location from approximately July 2015 until on or about July 2016. From approximately November 2014 until on or about July 2015, Plaintiff Ramirez worked at the 23rd Street location from approximately 11:00 a.m. until on or about 3:00 p.m., Mondays through Fridays and from approximately 8:00 a.m. until on or about 12:00 p.m., on Saturdays (typically 24 hours per week). From approximately July 2015 until on or about July 2016, Plaintiff Ramirez worked at the New Street location from approximately 11:00 a.m. until on or about 3:00 p.m., Mondays through Fridays (typically 20 hours per week). From approximately November 2014 until on or about July 2015, Defendants paid Plaintiff Ramirez $5.00 per hour. From approximately July 2015 until on or about July 2016, Defendants paid Plaintiff Ramirez $7.00 per hour.

Plaintiffs therefore brought this action seeking to recover unpaid minimum wages, overtime wages, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650, *et seq*., and spread of hours pursuant to the wage order of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

**Defendant's Allegations**

Defendants deny plaintiffs' allegations.

Further, with regard to the amount of wages allegedly owed, it was Defendants' position that based on the employer's records, Plaintiff Bernardina Acteopan ("Acteopan") was only owed approximately $7,512.09 in back wages, because Plaintiffs were not properly crediting Defendants with payment properly made.

With regard to Plaintiffs' calculations, Plaintiff Ana Karen Ramirez Acteopan ("Ramirez") was owed $3,228 in back wages due to Ramirez – a figure that Defendants were willing to accept for purposes of settlement.

In addition, Defendants disputed Plaintiff's claim that Plaintiffs were not provided wage notices as required and that Plaintiffs were required to pay for "tools of the trade," as alleged. Plaintiff Acteopans claim for paid sick leave also was denied by Defendants.

Hon. Katherine H. Parker
June 13, 2019
Page 3 of 5

**The Settlement**

Plaintiffs allege they are entitled to unpaid back wages and spread of hours pay of approximately $21,703.13. Plaintiffs estimate that had they recovered in full for their claims, they would be entitled to approximately $76,232.98, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as **Exhibit B**.

As noted above, Defendants' Answer denied all of Plaintiffs' allegations.

In order to avoid the potentially significant and unanticipated burdens and expenses in establishing their respective positions through discovery and summary judgment, the Settling Parties have agreed to resolve this action for the total sum of $24,000.00 which will be paid as outlined in **Exhibit A**.

$8,000 of the settlement amount will be paid to Plaintiffs' attorneys, who will be solely responsible for distributing the settlement amount to the Plaintiffs directly after deductions of counsel fees and costs. The remaining $16,000 will be payable directly to Plaintiffs.

Further, the Parties have been represented by counsel, experienced in wage and hour litigation, throughout this lawsuit and have made an informed decision to settle the action prior to trial, without incurring further costs or encumbrance of trial. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel, with the assistance of a mediator assigned through the Court's mediation program, negating the possibility of fraud or collusion.

**Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive $8,000.00, one third of the settlement amount and less than their lodestar amount. This represents a reduction in fees from what is identified in the Plaintiffs' retainer agreements, which provides that forty percent of the Plaintiffs' recovery will be retained by the firm.

The amount provided to the Plaintiffs' counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC*,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc.*,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc.*,* 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Hon. Katherine H. Parker
June 13, 2019
Page 4 of 5

      Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain a favorable pre-trial result due to the Settling Parties' cooperative exchange of information and frequent negotiations.

      Attached hereto as **Exhibit C**, are Plaintiff's amended attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

      Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

      Paul Hershan is an associate at Michael Faillace & Associates, P.C. He graduated from Fordham University School of Law in 2012. Following law school, he gained extensive trial and appellate litigation experience in the field of criminal law. Paul served as an Assistant District Attorney with the Bronx County District Attorney's Office for three years, then practiced primarily in the area of criminal defense before joining Michael Faillace & Associates, P.C. in April of 2018.

      The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

## Conclusion

      Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of their clients. Plaintiffs' interests have thus been adequately safeguarded.

      Therefore, the Parties respectfully submit that the Agreement is fair and reasonable, and therefore jointly request that the Court issue an order approving the Agreement as fair and reasonable, dismissing all claims against Defendants with prejudice, directing the Clerk of the Court to close the case, except that the Court shall retain exclusive and continuing jurisdiction over the construction, interpretation, implementation, and enforcement of the Agreement.

      Thank you for your consideration in this matter.

                                                        Respectfully Submitted,

Hon. Katherine H. Parker
June 13, 2019
Page 5 of 5

                                            /s/ Michael Faillace
                                            Michael Faillace, Esq.
                                            Michael Faillace & Associates, P.C.
                                            *Attorneys for Plaintiff*

cc:    Tarter Krinsky & Drogin LLP
         Richard Steer, Esq. (via ECF)
         Tara Toevs Carolan, Esq. (via ECF
         *Attorney for Defendants*